NATHAN STEARNS *v.* HARRY MILLER, ROSWELL B. FAY AND DAVID A. MURRAY.

*Listers, their duty.     Their acts, when ministerial and when judicial.*

The plaintiff, in the first count of his declaration, alledged that "the defendants *well knowing the premises;* but contriving, and wrongfully and injuriously *intending* to injure the plaintiff, under color of law, did wrongfully appraise more land than the plaintiff owned, &c., to wit, ninety-three acres more." *It was held,* that under this count, it was competent for the plaintiff to show, 'hat the defendants acted maliciously and corruptly, in the matter. And it was also *held,* all that was necessary to alledge, in a case of this kind was, that defendants did the act knowing it to be false.

Listers are liable, for their omission of express and obvious matter of fact duties, and for all other injurious misconduct in their office, even in matters of discretion, when it can be shown they acted *mala fide.*

The setting of the number of acres of land appraised, in the list of the owners, is nothing more, ordinarily, than matter of fact; but the listers, in doing this, are required to act in good faith, and with common care and skill and prudence; and if they do this, either fraudulently, or maliciously, or through want of common care and skill, and damage ensues, they are liable.

The setting, in the list personal property, such as money, debts due, &c., is a matter resting altogether in the discretion of the listers, and they are only liable, for errors purposely made, out of malice towards the party injured.

And where the listers left in the town clerk's office an abstract of the list, within the time required by the statute, which contained the assessment complained of, in explicit terms, and was properly certified, and contained the general notice of hearing, as to any over assessment of personal property, it was held to be sufficient.

TRESPASS ON THE CASE. This was an action against the defendants, as listers for the town of Williston, for the year 1847. Plea, general issue, and trial by jury. The declaration is sufficiently set forth in the opinion of the court.

On trial, it was admitted by the defendants, that they were listers of the town of Williston, for the year 1847. The plaintiff introduced testimony tending to prove, that on or about the tenth day of April, 1847, he gave to the defendants a list of his property, real and personal, as follows, viz:—1 Poll, 4 Oxen, 2 Cows, 5 Two Year Olds, 2 Horses, 690 Sheep, 1 Swine, 2 Gold Watches, Wool estimated at $550, Bank Stock $700, Hill Farm 123 acres, Farm near A. F. Saxton's 104 acres, Home Farm 120 acres, Lot and buildings at Village 2 acres, Small Lot 1 acre.

The plaintiff also, introduced testimony tending to prove, that he, on the first day of April, 1847, did not own, occupy or possess any more or other lands in the town of Williston, and had not, for several years previous thereto, owned or occupied other lands in said town, and that the defendants then knew the fact to be so.

The plaintiff also introduced, in evidence, the grand lists of said town, for the years 1846, 1847 and 1848, and also testimony tending to prove, that he had not, in any year previous to the year 1847, been assessed, in said town, for money on hand and debts due from solvent debtors, and money at interest, in any more or greater sum than $14,000; and that he had not, before the year 1847, been set in the grand list of said town for any other or greater quantity of land, than what is above named; and the testimony tended to prove, that this was known to the defendants.

That the defendants, as listers of said town for the year 1847, appraised and set to the plaintiff about ninety-three acres of land more than the plaintiff gave in to said defendants in his said list, or owned or possessed in said town on the first day of April, 1847, and that defendants, in the grand list of said town for the year 1847, did set to plaintiff the sum of $25,000, for money on hand, at interest, and debts due from solvent debtors, over and above the debts due from him.

It was admitted that the several taxes, named in the plaintiff's declaration, had been assessed, paid and collected as therein set forth, except the sum of $12, which had not been collected of the plaintiff, but had been abated by the selectmen on account of the claim for the over estimate of the land, and the highway tax defendants claimed had not been paid.

The plaintiff proved that the office of the town clerk in said town, had been recently searched, and that no individual list of the plain-

tiff for the year 1847, can be therein found; but it was admitted, that the defendants had deposited with the town clerk of said town, before the first of July, 1847, a memorandum of the individual list of the plaintiff for 1847, like those in other cases, it being the assessment for money and dues, &c.

The testimony tended to prove, and about which there is no dispute, that the 93 acres of land was put in the list by defendants, by reason of their making an over estimate in the quantity of land contained in the several parcels, as put into the list by the plaintiff; and not by the defendants putting into the list any other or distinct parcel of land not owned by the plaintiff.

The court having intimated that in their opinion, *no cause of action was made out against these defendants*; unless the case could be put upon the ground that the listers had not acted *bona fide* in the discharge of their duty, but wilfully, maliciously and corruptly: the plaintiff then offered further testimony, which it was claimed would tend to show that they did so act; whereupon the court, upon a recurrence to the declaration, held that if a recovery could be had upon such grounds, still the plaintiff's declaration would not authorize a recovery to be had on that ground; and the testimony was excluded.

The defendants offered to prove that the plaintiff had due notice of the assessment of the $25,000, within the time provided by law, and an opportunity to appeal from such assessment, and had not done it; upon the suggestion of the court, plaintiff waived the want of notice, as being substantive ground of recovery upon this declaration, and the testimony was not put in.

It appeared, that on the 17th day of July, 1847, the plaintiff was present at a meeting of the listers and selectmen of said town, and there saw his list, and knew how much he was assessed, as for money on hand and at interest; and also the amount his real estate was appraised or assessed at.

The plaintiff submitted that a verdict should be taken for defendants, and to the aforesaid ruling of the court excepted.

*C. Russell* and *D. A. Smalley* for plaintiff.

1. Listers are liable, in Trespass on the case, to the party injured, for putting property in the list, which the party does not own and is not liable to pay taxes on. *Henry* v. *Edson,* 2 Vt. 499. *Howard* v. *Shumway,* 13 Vt. 358.

2. To maintain this action against listers it is not necessary to alledge or prove malice, the act is wrongful, and having committed it, they must bear the consequence. *Henry* v. *Edson*, 2 Vt. 499. *Howard* v. *Shumway*, 13 Vt. 358. *Freeman* v. *Kenny*, 15 Pick. 44.

3. The power of taxation is derived exclusively from statutory provisions, and the requisitions of the listing law must be strictly complied with. *Thames Manufacturing Co.* v. *Lathrop et al.*, 7 Con. 550.

The plaintiff on the 17th day of July, 1847, knowing how much he was assessed at, in respect of money, and real estate, could not affect his legal rights. The assessment being illegal, he could not give his assent thereto, so as to bind him. *Preston* v. *Boston*, 12 Pick. 7. *Blood* v. *Sayre*, 17 Vt. 609.

4. The county court erred in excluding the testimony offered by plaintiff to prove malice in the defendants. The allegation in the declaration is sufficient for that purpose. The words "wrongfully intending to injure," are indicative of a malicious intent and are equivalent to the word "maliciously." 1 Chit. on Pl. 391. 1 East. R. 563—7 notes.

*A. Peck* and *Geo. F. Bailey* for defendants.

1. There can be no recovery by plaintiff for over assessment for money at interest or debts due. This ground of recovery was abandoned by plaintiff on trial. The memorandum of individual lists lodged by defendants in the town clerk's office, was a compliance with the statute. The plaintiff had *actual notice* in season to have applied to the listers or selectmen to have his list reduced. The neglect of the plaintiff to appeal, for the purpose of having his list reduced is a waiver of the objection that he was assessed too high, the subject matter, and the person being within the jurisdiction of the listers, and it being as to a matter of judgment of the listers, especially as plaintiff was present at the meeting of the listers and selectmen on the 17th day of July, 1847, and then had notice of his list, &c. *Henderson* v. *Brown*, 1 Cain's R. 92, (102.) *Fuller* v. *Gould*, 20 Vt. 643, (648.) *Henry* v. *Chester*, 15 Vt. 460. *Blood* v. *Sayre*, 17 Vt. 609.

2. Listers are not required to survey or measure the lands of the respective owners, and the number of acres, as well as the val-

uation, is a matter of discretion or judgment;—so that both in relation to the assessment for money and real estate the grievance complained of is an act involving the judgment or discretion of the listers, and in the nature of a judicial act. *Henry* v. *Chester*, 15 .Vt. 460. *Henderson* v. *Brown*, 1 Cain's R. 92. *Wilson* v. *Mayor and Ald. of New York*, 1 Denio 595.

3. If an action can be maintained for the error or breach of duty of the listers, which as the plaintiff claims the evidence tended to prove, coupled with evidence of malice and corruption, or *mala fide* in the listers, and want of probable cause, there can be no recovery under the plaintiff's declaration in this case;—*malice and corruption in their official duty* should be explicitly charged in the declaration, and also want of probable cause. *Fuller* v. *Gould*, 20 Vt. 643. *Saxon* v. *Castle*, 33 C. L. 161. *Gibson* v. *Chaters*, 2 B. & P. 129. *Schiebel* v. *Fairbain*, 1 B. & P. 388.

The opinion of the court was delivered by

REDFIELD, Ch. J. This is an action upon the case against the defendants for neglect of duty, in the office of listers of the town of Williston, for the year 1847. The first count in the declaration alledges, that the plaintiff was liable to be listed, in that town, that year, for three hundred and fifty acres of land, and no more, and that in proper season, according to the requirements of the statute, he gave in that quantity of land. " But the defendants *well know-* "*ing the premises ;* but contriving, and wrongfully and injuriously "*intending* to injure the plaintiff, under color of law, did wrong- "fully appraise more land than plaintiff owned, &c., to wit, ninety- "three acres more." And that numerous taxes were assessed on such list, and plaintiff compelled to pay them. These facts were all substantially proved on the trial, or offered to be proved, which is the same thing. The county court ruled, that no recovery could be had against defendants unless they acted maliciously, and corruptly, in the matter, and that, under this declaration, it was not competent to give such evidence. This is the whole case upon the first count.

There is no doubt an important distinction to be made, even in regard to such ministerial officers, as listers and town assessors, in regard to the character of their acts, whether they have an actual and absolute discretion, and judgment to be exercised in the mat-

ter, or the act is merely, and fairly, ministerial. In the latter case, ordinarily, they should be held liable for injuries, resulting, from their omission of duty, to individuals. They are bound to know their duty, and when it is plain matter of fact, to perform it. Now one of the duties imposed, by the statute, upon listers, is to appraise and set in the list, the real estate of the inhabitants and land owners, in town, "and set the number of acres"—"the amount of the appraisal, and the amount *per centum* to the owners thereof."

Now the amount of the appraisal, is undoubtedly a matter of judgment, and discretion, and for the exercise of which, the party is not to be made liable, except for express, or implied malice, which could not in contemplation of law, be supposed to exist; unless upon the clearest proofs that the value was over estimated, without any reasonable or probable cause. When the action is predicated, of such a discretionary act, courts should require the distinct allegation and proof, of malicious or corrupt motive, in the officer. And that being shown, we do not see how the officer is to be screened, even in a civil action, from the liability to make good all damage resulting to others, from such acts.

The exemption of the judges of superior courts of record, and all judges, and justices of courts of records, rests upon peculiar grounds of policy, perhaps. They will not allow their judgments to be revised, in this collateral manner, by a jury. But a public, inferior officer, whose duties are of a subordinate, and chiefly of a ministerial character, cannot be allowed the same impunity, without altogether overriding the present well established law upon the subject, both in this country, and in England. It is quite possible to put perplexing questions upon this subject, as upon many others, and often difficult to find any satisfactory solution of them. But this class of officers have always been made liable for their omission of express and obvious matter of fact duties, and for all other injurious misconduct in their office, even in matters of discretion, when it could be shown they acted *mala fide.*

But we are not prepared to say, that setting the number of acres of land appraised in the list of the owners is anything more, ordinarily, than matter of fact. It may be a fact somewhat more obscure, and difficult of ascertainment, than most others. It may be attended with needless expense, to require listers, at their peril, to ascertain with any very nice degree of precision, the quantity of

XXV.     3

land appraised by them. We think it would be. But we think, after making all due allowance for inaccuracies and oversights, which undoubtedly should be made upon a generous scale, still, they must be required to act in good faith, and with common care, and skill, and prudence, and especially when they undertake to change a man's own estimate of his land, and if they do this, either fraudulently, or maliciously, or through want of common care and skill, and damage ensues, they are liable. This was offered to be proved in this case on trial, and it seems to us, was sufficiently alledged in the declaration. All that was necessary to alledge, in a case of this kind was, that defendants did the act knowing it to be false, which is fully set forth.

But in regard to the other part of the case, there seems to us many embarrassments, in the way of the plaintiff.

1. It is confessedly a matter resting altogether in the discretion of the listers; of course there could be no recovery, except for an error, which was purposely made, out of malice toward the party injured.   2. The declaration, does not in very explicit terms, alledge any such misconduct of the listers. It is far less explicit, in that particular, than the first count. It goes evidently for omitting to give notice of this assessment, and for not filing, by the time required, a general list of the polls and rateable estate of the inhabitants, in the town clerk's office. These are the substantial grounds of complaint.

In regard to notice, it was waived on trial. In regard to the list not being left in the town clerk's office, it would be no ground of action against defendants, unless it caused injury to the plaintiff, and it must cause *the* injury complained of in the declaration, which is, in regard to this assessment of $250,00 for money, &c. In regard to this assessment, the list which was left, contained all which was requisite. It had the assessment in explicit terms, and was properly certified, and contained the general notice of hearing, as to any over assessment of personal property. So far as this assessment was concerned, it would not have been more useful to plaintiff, if it had contained all the plaintiff's other list. It was useful to him mainly for the purpose of notice, to enable him to apply, within thirty days, to the listers, to have the assessment reduced, and if he did not succeed with them, then to the selectmen, by way of appeal, to have the same reduced. But having express notice, he

could not complain of the assessment, if it were sufficient to justify an appeal. And for this purpose, all that was important was, that it should sufficiently appear to be an assessment, by the listers; of this there could be no doubt. And being such, the plaintiff's only remedy would be in the mode pointed out by the statute, and he ought to be regarded as having acquiesced in the justice of the assessment, unless he can show, by the most irrefragable evidence, that the listers had no good reason to believe he owned the property, and did not in fact believe it; but made the assessment from motives of corruption, or express malice towards the plaintiff, which ought, perhaps, to deprive the defendants of any claim to drive the plaintiff to his redress, by way of appeal. But we are very clear, that short of this, the plaintiff should be required to pursue the statute remedy. And courts should no doubt require such strictness of proof, in a case of this kind, as not to subject such officers to unjust apprehension, or embarrassment.

Judgment reversed and new trial granted.

NOTE. The case of *Schiebel* v. *Fairbain*, 1 B. & P. 388, is decided mainly, as it seems to me, upon the ground, that the facts being, at most, mere nonfeasance, under circumstances which imposed no obligation to act, did not create a good cause of action. In case of malicious refusal to countermand the writ, after having the costs paid, EYRE, Ch. J. suggests, that possibly an action will lie. But then the gravamen of the action will be malice, as in suits for malicious arrest,. and malicious prosecution, and in such cases, it should undoubtedly appear in the declaration, that the malice, which is the very *gist* of the suit, did exist, and mere knowledge of the facts, and even of the duty to prevent the arrest, and gross neglect to do his duty, as in ascertaining the quantity of land accurately, is not sufficient. Something more direct, and express is required, both in the allegations and proof. *Saxon* v. *Castle*, 33 Eng. C. L. 161, is very much in point. That was for a malicious arrest, and contained very much the same allegations, as the present declaration. The facts were all necessarily, or in legal contemplation, within the knowledge of defendants; it was alledged, that they did the act complained of, under color of a judgment, wrongfully contriving and *inten-ing* to vex, &c., the plaintiff, and to cause him to be arrested, for a larger sum, than was due. The court held, that notice express, or implied, was necessary to be alledged, and proved, and for want of such allegation arrested the judgment.

But in most cases of this character, when the act done, and not the particular motive, or purpose, is the basis of the action, even when fraud, and bad faith, is essential, all that is requisite is, to alledge the *scienter*, as is done in this first count, and the fact then constitutes, with the knowledge of its being false, at the time, *the cause of action*, as we held, in regard to the first count.

The case, of the *Thames Manufacturing Co.* v. *Lathrop*, 7 Con. 550, seems to regard the entire list, as rendered void, by an omission to leave the required ab stract, by the time provided in the statute. We should not be prepared to go that

length. The course of decisions, upon that subject, is now somewhat different, we think, from that, and other cases of that date; more favorable towards the proceedings of assessors, and more consistent undoubtedly, with reason and justice, *ut res magis valeat quam nucet.* In that case, the party had failed of an opportunity to take his appeal, as it would seem, but that is not the ground, upon which the case is decided.

The abatement in the taxes, made by the selectmen, confessedly, did not cover all the taxes assessed or paid, by the plaintiff. It is important only, then, in making up plaintiff's damages, if he finally prevails in the suit.

The meaning of the statute, in requiring the separate lists of individuals to be preserved and deposited in the office of the town clerk, has reference, probably, to the list made out at the time the property is given in, by the tax payer, or taken in by the listers. Any other interpretation of the statute would seem very useless, for the general list is supposed to contain all this, and there would seem no good reason for making out, at that time, a separate list. It has come down from the former statutes, with slight alterations of phraseology, perhaps; but still must signify, to be rational, what it formerly did, the depositing in the town clerk's office the original separate list.