ALEXANDER HAMILTON, Plaintiff in Error, *v.* M. A. ROSENBLATT, Defendant in Error.

### January 20, 1880.

1. Where an erroneous or excessive valuation has been placed by the proper officers upon property in assessing it for taxation, in the absence of fraud, the courts cannot interfere ; a tax based upon such an assessment can be attacked only for fraud or want of jurisdiction.

2. The mere fact that property is assessed at double its cash value is not conclusive evidence of fraud, and a suspicion of partiality on the part of the assessor, based upon such a valuation, is not ground for equitable relief.

Appeal from the St. Louis Circuit Court.

*Affirmed.*

A. Hamilton, *pro se* : Where the assessor assesses property at double its real value, and double that returned by the owner, this alone furnishes sufficient evidence, in the consideration of a court of equity, to sustain the allegation of fraud and entitle the party to relief. — *King* v. *Moon*, 42 Mo. 555 ; 1 White & Tudor Ld. Cas. 826, 827 ; *Lester* v. *Mahan*, 25 Ala. 448 ; *Newman* v. *Cordell*, 43 Barb. 456 ; *Chicago* v. *Burtice*, 24 Ill. 489 ; *Pacific Hotel* v. *Lieb*, 83 Ill. 609 ; *Richards* v. *Cannon*, 16 Barb. 250 ; *Knowlton* v. *Supervisors*, 9 Wis. 410 ; *Warden* v. *Fond du Lac County*, 14 Wis. 620 ; *Merrill* v. *Humphrey*, 24 Mich. 170 ; *Heath* v. *Police*, 41 N. Y. Superior Ct. 332 ; *Lefferts* v. *Supervisors*, 21 Wis. 690.

M. B. Jonas, for the defendant in error : Equity has no jurisdiction, under its general powers, to correct a merely unequal or unjust assessment, when there is a statutory board that may do so. — Cooley on Tax. 528, 529 ; *Rhodes* v. *Cushman*, 45 Ind. 85 ; *Dorris* v. *Rosenblatt*, 6 Mo. App. 601. The Board of Equalization acts judicially. — *Insurance Co.* v. *Charles*, 47 Mo. 462 ; *Railroad Co.* v. *Maguire*, 49 Mo. 482 ; *Porter* v. *Railroad Co.*, 76 Ill. 595. And, its action being judicial, is conclusive until reviewed by *certiorari.* — Burr. on Tax., sect. 141 ; *Hughes* v. *Kline*, 30 Pa. St. 201. An honest assessment, though an overvaluation, is not fraudulent. — *Spencer* v. *The People*, 68 Ill. 510 ; *Gage* v. *Evans*, 9 Cent. L. J. 237. Fraud will not be presumed because of such overvaluation. — *Insurance Co.* v. *Pollak*, 78 Ill. 293 ; *Picot* v. *Bates*, 47 Mo. 392 ; *Bryan* v. *Hitchcock*, 43 Mo. 531 ; *Waddingham* v. *Loker*, 44 Mo. 134 ; *Bernicker* v. *Miller*, 44 Mo. 112.

Bakewell, J., delivered the opinion of the court.

The proceeding is against defendant as collector of the city of St. Louis, to enjoin the collection of a tax alleged

to be excessive and fraudulent. The petition alleges that defendant is the owner of a lot of ground in the city of St. Louis, described, and proceeds as follows : —

" That the city assessor fraudulently assessed the said land, with the improvements thereon, for the year 1878, at the exorbitant and excessive valuation of $13,150, whereas the actual cash value of said property did not exceed $7,000 ; that plaintiff in due time and form appealed to the board of Equalization for said city for relief against said excessive valuation, but after hearing said appeal, the said Board overruled the same and refused to make any deduction from said assessment, leaving the same to stand at $13,150 ; that a tax-bill for the sum of $391.90, based on said assessment, at the rate of two dollars and sixty cents per hundred dollars, is now in the hands of the defendant, as collector of said city, for collection, who will enforce and collect the same unless prohibited and restrained by this court, and will cause said property to be sold on account of said assessment, a proceeding which will occasion an irreparable injury to the plaintiff and cast a cloud on the title to said property — said assessment on its face being a valid lien thereon, and extrinsic evidence being required to establish its invalidity ; that, to avoid litigation, plaintiff has been willing to pay the sum of $182 for the taxes on said property for said year, which is more than the defendant is entitled to demand of him, being equivalent to an assessment and valuation of $7,000, at the same rate aforesaid ; and plaintiff brings into court said sum of $182, and tenders the same to the acceptance of the defendant."

The prayer is for a perpetual injunction.

The case was submitted to the court for trial on the following statement of facts : —

That, except as to the allegation of fraud in the making of the said assessment, the facts are as stated in the petition, and that as to the said allegation of fraud, the plaintiff has no other or further evidence to produce in support

thereof than the mere fact of the excessive valuation of said property at $13,150, when the actual cash value thereof did not exceed $7,000 ; it being the intention of the parties hereto to raise and submit to the court the question whether or not these facts amount to sufficient proof of the allegation of fraud.

No objection, if any, was or is made that a formal tender by the plaintiff of the amount of the tax admitted to be due was not made before the institution of this suit.

It is further agreed that said property was legally returned by the plaintiff to the assessor, but said assessment was more than double the value put upon the property by the plaintiff.

The court rendered judgment in favor of the defendant, and dismissed the plaintiff's petition. A motion for a new trial was overruled.

The valuation of land for the purpose of taxation is confided to the skill and judgment of the assessor, who acts in a judicial or *quasi*-judicial capacity. There is no provision for an appeal from his decision to the courts ; nor have the courts any supervisory control over his proceedings, or any power to substitute the finding of a jury or of a court for the judgment of the assessor as to the value of property. However grossly the assessors may err, their estimate is conclusive as the verdict of a jury ; and the tax based on the assessment is like a judicial sentence, and can be attacked only for fraud or want of jurisdiction.

The assessor is to act in good faith, and with common care, skill, and prudence, especially where he undertakes to change a man's own estimate of his land, as is said by Judge Redfield in *Stearns* v. *Miller*, 25 Vt. 26. And it is held in numerous cases that where there is an allegation of facts showing clear and palpable abuse, inconsistent with any exercise of an honest judgment on the part of the assessor, a court of equity will interfere to prevent a sale of lands. *Pacific Hotel Co.* v. *Lieber*, 83 Ill. 602 ; *Knowlton*

v. *Supervisors*, 9 Wis. 410 ; *Albany* v. *Town of Canaan*, 16 Barb. 248 ; *Clayton* v. *Lafargue*, 23 Ark. 146 ; *Merrill* v. *Humphrey*, 24 Mich. 172.

But where the power conferred is honestly exercised, however gross may be the mistake as to the amount, the question is not one for the courts, and the legally organized boards of assessors, acting without fraud, are its final arbiters.

Where the assessors fix a valuation upon property above its real value, for the purpose of evading a provision of the revenue law, that has been held to be a legal fraud. *Chicago* v. *Burtice*, 24 Ill. 490. And where the charge is that the assessors have purposely assessed the property of complainant beyond its value, and above the assessment of other persons, with a fraudulent intent to compel the payment by complainant of an undue proportion of the public taxes, and the charge was confessed by demurrer, this was regarded as an admission that the assessors had not brought their judgment to bear upon the question of value, but had set aside their duty for the express purpose of perpetrating a wrong upon an individual, and it was held that the case was one for equitable relief. *Merrill* v. *Humphrey*, *supra*.

But there can be no ground for equitable relief where the officers to whom the duty has been committed by the State have exercised their judgment in fixing a value upon property, and through error of judgment, or misinformation, made a mistake in valuation. The valuation of real estate is a matter of opinion, upon which there is room for a wide difference of opinion ; and we cannot regard an admission that property was really worth only about half the value fixed upon it by the assessor, as showing a valuation so grossly out of the way as to be entirely inconsistent with an honest but mistaken exercise of judgment — as showing that the assessor must have known that the property was not worth the valuation he placed upon it, or as evidence that he was actuated by a malicious design to disobey the law and de-

feat it aims, for the purpose of imposing an excessive burden upon a particular citizen. Such a purpose would. be fraudulent, and if it must be presumed from the mere fact of the excessive assessment, there might be ground in this case for equitable relief; but we do not think that the Circuit Court erred in refusing to draw this inference. The judgment of the legally constituted boards of assessors and of. supervision, is made by the law final in the matter of these valuations; and though the courts may protect the citizen against a wanton injury inflicted by an assessor, who, in pretending to exercise the judgment and discretion vested in him by law, exercises no judgment, but abuses his office to gratify his evil passions of malice or revenge, or to evade the law, they have no power to interfere with the collection of the revenue on a mere suspicion of partial conduct on the part of the assessor, based upon the fact of an excessive violation. A valuation might, indeed, be so excessive as to be inconsistent with sanity of mind or integrity of purpose on the part of the officer; but we are of the opinion that such a case is not presented, and that no legal fraud appears. We think that the Circuit Court committed no error in dismissing the bill, and the judgment will therefore be affirmed. Judge HAYDEN concurs; Judge LEWIS is absent.