HAZZARD v. O'BANNON, Collector.

(*Circuit Court, E. D. Missouri, E. D.* December 12, 1888.

1. TAXATION—ASSESSMENT—ILLEGALITY—REMEDIES—INJUNCTION.
   A bill to enjoin a levy on personalty under a tax-bill, pending *certiorari* proceedings against the board of equalization to correct the assessment, which alleges that the assessor illegally, willfully, and erroneously assessed complainant's land at a fictitious and speculative value, more than double the valuation of other like lands in the county, assessing wild lands and lands having no mineral, the same as improved and mineral lands, shows a fraudulent assessment, and, the writ under which defendant seeks to collect the tax not being void, and therefore protecting him against a suit for trespass, the injunction will be granted as to such an amount as is claimed to be excessive.

2. SAME—PENDENCY OF ACTION TO CORRECT ASSESSMENT.
   An injunction to restrain the collection of a tax alleged to have been fraudulently assessed, will not be refused on the ground that a proceeding by *certiorari* to correct the assessment is pending in the state court, since the motives which may have actuated the assessor in making the assessment are not open to review in the *certiorari* proceeding.

3. SAME—FAILURE OF ASSESSOR TO CALL FOR STATEMENT.
   The omission of the assessor to call at complainant's office for a statement of his taxable property, and to leave a notice as provided by the statute, does not affect the validity of the assessment; such provisions being merely directory.

In Equity. On motion for preliminary injunction.

Bill by Rowland Hazzard against Thomas O'Bannon, collector of Madison county, Mo., to restrain a levy under a tax-bill on certain personal property of complainant.

*John W. Noble* and *Johnson & Lentz,* for complainant.

*George D. Reynolds* and *R. A. Anthony*, for defendant.

THAYER, J.    This case comes before the court on an application for a preliminary injunction to restrain the defendant, who is collector of taxes for Madison county, Mo., from making a levy under a tax-bill upon certain personal property belonging to the complainant.    Complainant's property, situated in Madison county, was heretofore assessed for taxation for the year 1888 by the county assessor at the sum of about $400,-000.    From the assessment so made complainant appealed to the county board of equalization, which reduced the assessment in the neighborhood of $40,000.    Thereafter complainant sued out a writ of *certiorari* in the circuit court of Madison county, Mo., to obtain a review of the action of the board of equalization, which proceeding is still pending.    The defendant has recently served notice on the complainant of his intention to levy on the complainant's personal property to enforce the state and county taxes which are claimed to be due under said assessment.

The application for an injunction is based in part on the ground that the tax about to be enforced was illegally assessed, and that the proceeding already pending to test its legality is as yet undetermined, and that great injury may be done to the complainant if the threatened levy is made before the validity of the tax is determined.    It has been held in this state that an injunction may be granted to restrain the collection of a tax, that has been levied at a higher rate than the law permits, (*Arnold* v. *Hawkins*, 95 Mo. 470, 8 S. W. Rep. 718; *Overall* v *Ruenzi*, 67 Mo. 206;) or to restrain the collection of a tax imposed on property that is not subject to taxation, because it lies outside of the taxing district, (*Ewing* v. *Board*, 72 Mo. 438;) or to restrain the collection of a tax imposed on personalty situated outside of the state, and not subject to taxation here for that reason, (*Valle* v. *Ziegler*, 84 Mo. 217.)    These decisions are in harmony with the general rule that prevails elsewhere, that the collection of a tax may be restrained if it is based on an assessment that is clearly void.    The rule is also recognized in this state, and it is so held elsewhere, that a tax founded on a fraudulent assessment may be enjoined.    By a fraudulent assessment is meant an assessment that is purposely made too high, with a view of casting an undue proportion of the public burdens on a certain tax-payer, or an assessment made in pursuance of a rule of valuation adopted by the assessor that is designed to operate unequally in the distribution of taxation.    *Cummings* v. *Bank*, 101 U. S. 154; *Hamilton* v. *Rosenblatt*, 8 Mo. App. 240, 241; *Pacific Hotel* v. *Lieb*, 83 Ill. 602; *Merrill* v. *Humphrey*, 24 Mich. 172; Cooley, Tax'n, (2d Ed.) 784, 785, and cases cited.    But in the absence of actual bad faith, or of such an utter disregard of official duty as to amount to bad faith, on the part of the assessor or board of assessors, the collection of a tax-bill cannot be enjoined because through an error of judgment the assessment on which it is based is too high, either considered by itself or in comparison with other assessments on similar property; nor can a tax-bill be enjoined because the assessment was conducted irregularly or erroneously, unless the error is so far vital as to render the assessment void.    *Hamilton* v. *Rosenblatt*,

*supra; Everitt's Appeal,* 71 Pa. St. 216; *Kelly* v. *Pittsburgh,* 104 U. S. 78, and cases cited; *Meyer* v. *Rosenblatt,* 8 Mo. App. 602; Cooley, Tax'n, (2d Ed.) 748, 775, and cases cited.   It is also well settled that the sole remedy for an excessive or unequal assessment which has resulted merely from an error of judgment without the violation of any rule of law, is by an appeal to boards of review or equalization, when the state has created such boards for the purpose of correcting erroneous assessments; and it is generally held that the decision of such boards as to the value of property, and as to whether assessments are uniform in amount, are conclusive upon the tax-payer.   Cooley, Tax'n, 748, and cases cited.

In view of these principles it becomes necessary to determine whether the bill shows the assessment involved in this case to be so far illegal or affected by fraud as to warrant a court of equity in interfering by injunction with the collection of the tax in question.   It is first alleged that the assessor, before making the assessment, did not call at the complainant's office or residence and demand a correct statement of all his taxable property, or leave a notice at his office or residence requiring him to make out a sworn statement of such property, as the law directs him to do.   I do not regard the omission of these acts as affecting the validity of the assessment.   The provisions of the statute alluded to are directory, and, if not complied with, the assessment is to that extent irregularly made, but it is not invalidated.   The next charge is that the constitution of the state of Missouri requires taxes to be "uniform on the same class of subjects," and further requires property to be taxed "in proportion to its value," but that in the present instance the assessor "arbitrarily, and without regard to equality or justice, affixed a fictitious and speculative value upon all the complainant's real estate" in Madison county, and did assess his land "in excess of its real value, and at values much larger proportionately than the assessed value of other real property in the county;" that the aggregate value of all complainant's property situated in Madison county is $155,350, but that the assessor, "illegally and willfully   *   *   *   did erroneously and unjustly assess said land at $400,000, that is to say, at more than double a reasonable and just valuation, and much more than double the valuation of other and like lands in said county as assessed by said assessor."   The bill also charges that the assessor grouped together lands situated in a town, and covered with buildings and other improvements, and mineral lands, and wild and unimproved lands, and, "without any discrimination between them as to value," assessed the whole at a sum largely in excess of their true value; that he grouped together about 2,200 acres of mineral land, 1,000 acres of improved farming land, and 11,800 acres of wild and unimproved lands having no value as mineral land, and "illegally and willfully treated all said lands as mineral yielding lands, and placed the improved farm lands and wild lands at values much in excess of any other lands in the county of similar quality and value, and much in excess of their real or actual cash value."   I regard that portion of the bill to which I have last alluded (and only a portion of which is here quoted) as charging in effect that the county assessor, intentionally or by a reck-

less and willful disregard of his duty, placed a higher valuation on complainant's property than on similar and equally valuable property of other tax-payers, and that he also valued it for the purpose of taxation above its real or actual cash value. If that be true, he intentionally violated the duty imposed on him by law, and the assessment, so far as complainant is concerned, was fraudulent. In such cases, as has been before stated, it is held that a court of equity may restrain the collection of so much at least of the tax based on the fraudulent assessment as is excessive. It is insisted, however, that an injunction ought not to issue in the present instance, because the application is for an order to restrain a threatened seizure and sale of personalty, and not realty. There are several cases in this state, to-wit, *Deane* v. *Todd*, 22 Mo. 92; *Sayre* v *Tompkins*, 23 Mo. 445, and *Lockwood* v. *St. Louis*, 24 Mo. 20, holding that an injunction ought not to issue to restrain the seizure and sale of personal property for taxes illegally assessed; but this rule applies, as I understand, in that class of cases where the tax-bill under which the levy is about to be made is so utterly void that it would not protect the collector against a suit for trespass. In that class of cases the remedy at law is deemed adequate. In the present case I have no doubt that the process under which the defendant proposes to proceed is so far valid that it would protect him against any suit for trespass which the complainant might bring. The complainant is therefore without an adequate remedy for the threatened wrong, unless a restraining order is granted. It should be further remarked that in a later case (*Valle* v. *Ziegler, supra*) the supreme court of this state has sanctioned the practice of granting an injunction to restrain the collection of an illegal tax levied on personal property. My conclusion is, therefore, that a temporary injunction ought to be awarded, to restrain for the present the collection of so much of the tax as is claimed to be excessive. It is not apparent to me that the granting of such an order will seriously embarrass the county, as it only affects a portion of the tax claimed to be due from one tax-payer, while it is apparent that, if the charges contained in this bill are true, the complainant is entitled to redress. Nor is it apparent that the pendency of the *certiorari* proceeding will be liable to lead to any conflict of jurisdiction, considering the narrow range of questions that may be reviewed in that proceeding. In that proceeding, as I understand the law, the motives which may have actuated the assessor in making the assessment cannot be inquired into, while in this proceeding that is the main subject for consideration. Furthermore, the fact that a levy has been threatened before the *certiorari* proceeding can be heard which may seriously embarrass complainant's business operations, is an additional reason for prohibiting such action. I shall accordingly enter an order restraining the defendant from levying upon or selling any of complainant's property with a view of enforcing the tax. This order will only continue in force for five days from this date, unless in the mean time complainant shall have paid to defendant on account a sum equal to the taxes at the rate fixed by law on a valuation of $200,000, which was the assessment of 1886, as I understand, upon complainant's property in Madison

county. : If such payment is made, the restraining order will continue in force until further directions be given. The defendant may at any time hereafter apply to have the injunction dissolved or modified.