## DANIEL BABCOCK v. TOWN OF GRANVILLE.

*Taxes. Board of Civil Authority. Assumpsit. Voluntary Payment. Demand.*

The board of civil authority under § 66, ch. 15, of the General Statutes, is not constituted to try and determine the legality of taxes, but to abate taxes, whether legal or illegal, to the extent limited by the statute, and is to be governed in its action by prudential reasons and considerations, and not by the strict rules of law.

Babcock *v.* Granville.

Assumpsit is a proper remedy to recover back money paid upon illegal taxes.

Upon the evidence that the plaintiff paid under protest, the jury found under the charge of the court that the plaintiff was compelled to pay the tax in order to save his property from being taken. *Held*, that this was not a voluntary payment, or a waiver of the right to insist upon the illegality of the tax.

Money paid by a tax payer, voluntarily, upon a tax bill, without a warrant, would not be money unlawfully collected. The fact that there was no warrant upon the tax bill would not affect the right of a tax payer to recover back his money, paid upon an illegal tax, when the payment was not voluntarily made.

A plaintiff is entitled to recover in assumpsit when the defendant has money which belongs to the plaintiff, and wrongfully detains it from him.

When a party has money belonging to another, which was rightfully received and would not be wrongfully detained without a demand and refusal to pay it, a demand would be necessary before an action in this form could be maintained.

But when the money was illegally taken, and not returned, as in this case, and therefore was always wrongfully detained, no demand is necessary.

GENERAL ASSUMPSIT. Plea, the general issue, and trial by jury, June term, 1871, PIERPOINT, Ch. J., presiding, and verdict for the plaintiff.

It appeared that in the year 1869, the plaintiff, who on the 1st day of April of that year was a resident of Granville, was assessed by the listers of that town, and set in the grand list, as the agent of one Josiah Babcock, in the sum of $2000, for money on hand and debts due to him as such agent ; that he was duly notified of such assessment as the law requires, and that a town tax of $20 was assessed against him as such agent, on said list.

The plaintiff's testimony tended to show that he was never the agent of the said Josiah Babcock, within the purview of the fifth clause of sec. 14, ch. 83, of the General Statutes, and that he had not in his hands on the first day of April, 1869, any money or choses in action of the said Josiah Babcock.

The testimony on the part of the defendant tended to show that the plaintiff was such agent, on said first day of April, and long before, and that at that time, he, as such agent, held in his hands promissory notes belonging to the said Josiah Babcock, amply secured by mortgage, to an amount exceeding $2000.

One Hays, a witness introduced by the plaintiff, testified as follows :

" I was constable of Granville in 1869. I had for collection a tax bill containing a tax against the plaintiff as such agent. He paid it to me under protest. The tax was $20. I think it was collected about October 15th, 1869."

The plaintiff testified:

"I have heard what Hays has testified about my paying the tax in October, 1869. I paid it as he has stated, under protest. He said he had a tax against me as agent. I refused to pay it. He called on me several times and I refused. He finally said he must collect it. I took counsel, and paid the tax under protest."

There was no other evidence relative to the matters embraced in the above recited testimony of Hays and the plaintiff, nor was there any evidence of any demand upon the town for the money sought to be recovered by the plaintiff, before the commencement of this suit.

The defendant requested the court to charge the jury as follows:

1. Plaintiff's only remedy is under sec. 66, page 114, of the General Statutes.

2. The statement that the tax was paid under "*protest*" is not sufficient to show that the plaintiff reserved a right of action.

3. There is no evidence that the payment of the tax in question was paid under such circumstances of *compulsion* as to entitle the plaintiff to recover it back.

4. No recovery can be had in favor of the plaintiff without proof of a *demand* before suit.

5. The burden of showing the illegality of the tax in question, the compulsory payment of it, and the reservation of the right to sue for its recovery, is on the plaintiff.

The court charged the jury in substance in accordance with the 5th request of the defendant, and no exception was reserved on this part of the case.

The court further charged that the plaintiff was not limited to the remedy afforded by sec. 66, page 114, of the General Statutes.

That the evidence on the subject of the payment of the tax under protest was for the jury to consider. That it was not necessary that the plaintiff's property should actually have been taken upon the warrant in order to entitle him to recover. If there were such proceedings and manifested intention on the part of the officer holding the warrant, that the plaintiff was compelled to pay the tax in order to save his property from being taken, the payment was so far compulsory as to enable the plaintiff to recover it back if illegal. And this instruction was properly explained and applied to the evidence.

That no further demand was necessary to entitle the plaintiff to recover.

To the refusal to charge as requested, and to the charge as given above upon the points embodied in the request, the defendant excepted.

*E. R. Hard* and *Ira M. Clark* for the defendant.

By the Gen. Stats., p. 114, § 66, the board for the abatement of taxes is authorized to " abate, in whole or in part, any tax which has been assessed on the list of any person, in which there is manifest error, or in which there is a mistake of the listers or assessors who made up such list." The remedy thus provided for an erroneous assessment is the only remedy available to a party who has been thus assessed. *Osborn* v. *Danvers*, 6 Pick., 98 ; *Salmond* v. *Hanover*, 13 Allen, 119 ; *Wharton* v. *Birmingham*, 37 Penn. St., 371.

If the payment by the plaintiff, of the tax, was voluntary, and not by duress or compulsion, he cannot recover ; and as the testimony had no tendency to show that the payment was made to avoid the arrest of the plaintiff, or the seizure of his property, the question should not have been left to the jury, but the court should have complied with the defendant's third request. *Smith* v. *Redfield*, 27 Maine, 145 ; *Hathaway* v. *Addison*, 48 Maine, 440 ; *Sheldon* v. *School District*, 24 Conn., 88 ; *Bartlett* v. *Cambridge*, 10 Allen, 48.

The testimony given by the plaintiff himself, even, does not tend to show a payment by *compulsion*, in any proper sense of that term ; for the strongest threat or expression used by Hays was, that " he must collect the tax," and he does not pretend that he was in any fear of any attempt on the part of Hays to *enforce* payment.

Besides, there was no evidence that Hays had any *warrant* upon which he could have either arrested the plaintiff, or taken his property ; nor was it shown that Hays had *authority* to enforce, by arrest, or distraint, the payment of the tax. It is true he was *constable*, but this gave him no authority to collect the tax, unless the town had neglected to choose a collector. Acts of 1866, No.

Babcock *v.* Granville.

44.   The plaintiff is not entitled to recover without proof of a *demand* for the money, before suit.

*Stewart & Eldridge* and *E. J. Phelps*, for the plaintiff.

In *Henry* v. *Chester*, 15 Vt., 460, it was held upon full consideration :   1. That assumpsit lies against a town for the recovery back of an illegal tax.   2. That no protest need accompany the payment, if made to an officer holding a warrant.   3. That no demand before suit brought is necessary.   This decision disposes of all the questions raised upon the exceptions.   There can be no reasonable pretence that sec. 66, p. 114, of the Statutes was designed to deprive the party of his action at law.

It could not constitutionally have such an effect, and if it could, must appear to have been intended before it will receive such a construction.   It is merely a provision to enable the civil authority of a town to abate unpaid taxes in their discretion, and has no possible reference to the remedy of one who has been compelled to pay an illegal tax.   If a protest were necessary, the evidence in the case amply proves it, and the jury have found it.

The opinion of the court was delivered by

WHEELER, J.   Although the bill of exceptions shows that the plaintiff was a resident of the defendant town on the first day of April, 1869, it does not show that he was in any manner taxable there, if he was not taxable as the agent of Josiah Babcock.   This was not, therefore, as presented, a case of excessive assessment, nor of over valuation.   And the trial in the county court appears to have proceeded without objection or exception by either party, upon the theory that, if the plaintiff was not taxable as such agent, the taxation of him was illegal.   Therefore, no question is here presented concerning the jurisdiction of the listers of the defendant over the plaintiff, nor concerning the conclusiveness of their proceedings if they had jurisdiction over him, on account of his residence, in the absence of any appeal by him to the selectmen, under the provisions of § 28 of chapter 83 of the General Statutes.   In *Stearns* v. *Miller et als.*, 25 Vt., 20, it was held that in an action against listers for wrongfully setting personal estate in the list, where the listers had jurisdiction and no appeal to the

42

selectmen was taken, the proceedings of the listers were conclusive, unless they were shown by clear proof to have acted corruptly. Perhaps the same rule would apply in an action to recover back money paid upon taxes assessed upon personal estate. But a decision of that question is not necessary to a determination of this case.

This case, therefore, stands before this court upon the right of the plaintiff to recover back money paid upon a tax which the jury have found was illegal, upon an issue about which no question was made. But the defendant insists that the plaintiff was improperly suffered to recover back this money, notwithstanding that the tax was illegal, for several reasons.

First, because it is claimed that there is no remedy for this illegal taxation, except that afforded by application to the board of civil authority under the provisions of § 66 of chapter 15 of the General Statutes. But this board was not constituted to try and determine the legality of taxes. It was provided to abate taxes and discharge tax-payers from them, whether legal or illegal, to the extent limited by the statute, to be governed in its actions by prudential reasons and considerations, and not by the strict rules of law. This view is not contrary to the cases of *Osborne* v. *Danvers*, 6 Pick., 98, and *Salmond* v. *Hanover*, 13 Allen, 119, cited in behalf of the defendant. Both of those cases were cases of excessive but not of wholly illegal assessment. Neither of these cases holds that resort may not be had to other remedies than abatement for illegal taxation. Many actions of assumpsit have been brought in that State to recover back money paid upon illegal taxes, and have been maintained. Bennett & Heard's Dig., 697, Tit. Taxes, V. b. Many actions of that kind have been brought in this State, and have been maintained; others have been brought, but have failed, not because that was an improper remedy, but because in those cases the plaintiffs were not entitled to any remedy. This claim is not well founded either in principle or in authority.

The defendant claims, secondly, that the case was not properly submitted to the jury upon the question of voluntary payment of the tax by the plaintiff. The evidence tended to show that the

plaintiff was reluctant about payment, and that the collector insisted upon collecting it, and that thereupon the plaintiff paid it under protest. Upon this evidence, the jury found, under the charge of the court, that the plaintiff was compelled to pay the tax in order to save his property from being taken. This was not a voluntary payment, and it was not a waiver of the right to insist upon the illegality of the tax. *Henry* v. *Chester*, 15 Vt., 460, Bennett and Heard's Dig., Tit. Taxes, V. b., and cases there cited. Upon this head the defendant further claims that the case does not show that the collector had any warrant for the collection of the tax, and that therefore his proceedings were not compulsory upon the plaintiff. But no question appears to have been made but that the defendant received the money collected of the plaintiff. This action was brought and has proceeded upon the ground that the defendants had money unlawfully collected of the plaintiff, which in equity belonged to the plaintiff. Money paid by a tax-payer, voluntarily, upon a tax-bill without a warrant, would not be money unlawfully collected. But the fact, if such was the fact, that the collector of the defendants assumed to enforce payment of this tax without any warrant, when it is found that the payment was not made voluntarily, would not show that the defendants came rightfully by the money, and would not unfavorably affect the right of the plaintiff to recover. The defendants cannot prevail upon the second ground.

The defendants insist, thirdly, that the plaintiff cannot recover without a demand. A plaintiff is entitled to recover in this form of action where the defendant has money that belongs to the plaintiff, and wrongfully detains it from the plaintiff. In cases where a defendant has money belonging to the plaintiff, which was rightfully received, and would not be wrongfully detained without a demand and refusal of it, there a demand would be necessary before an action in this form could be maintained. But this case stands here upon the right to recover money illegally taken, and not returned, and which therefore has always been wrongfully detained. In such cases no demand is necessary.

No error is found in the proceedings of the county court to which exception was taken. Judgment affirmed.