## GUY H. REYNOLDS v. THEODORE E. CONWAY.

*Motion to Dismiss. Presumption of Regularity. Exceptions.*

1.  A motion to dismiss goes only to what appears upon the face of the record. No extrinsic facts can be brought in under it.
2.  The revisory court will, however, presume that all proceedings below have been regular.
3.  So, where upon a motion to dismiss, certain facts, not apparent upon the record, were found and considered by the County Court, this court will presume that they came into the case by agreement, as they might, it not appearing to the contrary, and will not reverse the case for that reason.

This was an action in general assumpsit. The writ issued as a capias, the plaintiff having filed an affidavit that the defendant was about to remove from the State, and was served by arresting the said defendant. The defendant, by his attorney, filed two motions; first, that the service of the writ be quashed as far as the same related to the arrest of the defendant, and that the defendant be discharged from imprisonment; second that the service of the writ be quashed, "for that the same was obtained by fraud of the plaintiff in this action, as appears by the evidence, files and records pertaining to said action, hereby referred to, and that said action be dismissed."

The court, September Term, 1888, Royce, Ch. J., presiding, sustained both motions, discharged the defendant from arrest, and dismissed the action with costs, to which the plaintiff excepted.

The court found, as a matter of fact, "that the defendant was a resident of Newark, in the State of New Jersey; that the plaintiff by false and fraudulent representations by him made to the defendant for the purpose of obtaining service of this process on the defendant in this State, induced the defendant to come and be within the State, and thereupon did cause the writ in this

cause to be served upon the defendant as by the officer's return thereon appears."

*E. J. Ormsbee* and *H. A. Harman*, for the plaintiff.

The cases cited to show that an agreed statement of facts may render unnecessary a formal plea and joinder of issue are inapplicable. There was no pretence of making an agreed case. The plaintiff excepted to *all* the action of the court in dismissing the suit.

*Howe & Coolidge*, for the defendant.

The court obtained no jurisdiction by the service procured through the fraud of the plaintiff. Cooley on Torts, 190 ; *Metcalf* v. *Clark*, 41 Barb. 42.

The exceptions do not show that any exception was taken to the action of the County Court in admitting the evidence on which the facts were found, or in finding such facts. The presumption is in favor of the regularity of the proceedings below. *Sleeper* v. *Est. of Gould*, 53 Vt. 111 ; *State* v. *Int. Liquor*, 44 Vt. 216.

The opinion of the court was delivered by

VEAZEY, J. The plaintiff relies upon the well settled rule in this State that a motion to dismiss or quash is confined to cases where the defect is apparent upon the face of the record, or papers, on inspection. That which requires proof *aliunde* must be presented by plea in abatement upon which an issue can be formed. Rob. Vt. Dig. p. 533.

The motions in this cause were not adapted to the case because they depend upon facts outside the papers. No proof *aliunde* was admissible. Yet the bill of exceptions states that the County Court found certain facts there specified, and sustained the motions ; but fails to state how it happened that proof *aliunde* was admitted, or that any objection was made to it, or how the facts came before the court. If it was possible for those facts

Reynolds *v.* Conway.

to get before the court properly, then we must presume they were properly before it, because in the revisory court the presumptions are in favor of regularity, and error must be shown. Now it is plain that the facts might have come in by agreement of parties, waiving formality of pleadings, and so been properly and regularly before the court. The plaintiff's counsel make no point that the facts, if proper to be considered, did not justify the judgment below; we do not touch that question. Their claim for reversal is based on two grounds; first on a statement of facts foreign to the bill of exceptions; second, on the presumption of irregularity, because these motions involved nothing outside the papers constituting the record in the County Court. Neither can avail, because the court is controlled by the exception and the presumptions of regularity. Rob. Vt. Dig. p. 308.

*Judgment affirmed.*