Filed June 20, 1894.

---

No. 1,319.

## Du Bois *v.* The Board of Commissioners of Lake County.

TAXES.—*Action to Recover Those Illegally Assessed and Collected.—Distribution of Same to Various Funds After Commencement of Action.— Liability of County.*—When A filed his claim with the board of county commissioners for the refunding of $437.95 of taxes illegally assessed and collected, the same was yet in the treasury of the county, and no part had yet been distributed to or paid over to the State nor to the town (the town of Crown Point), but afterwards $62.94 of such taxes were distributed and paid to the State, as its part of said taxes; and $284.14 were distributed and paid to the town of Crown Point, as its part of said taxes. The circuit court, on appeal, from the board of commissioners, allowed $90.87 of the claim (the amount yet remaining in the county treasury), and found that A was entitled to a certificate of the board of commissioners to the auditor of State for a refunding to A of the amount paid to the State.

*Held,* that A is entitled to have the amount of $375.01 (the amount remaining in the county treasury, together with the amount paid to the town) refunded to him by the county, with interest thereon.

*Held,* also, that A is entitled to have the amount paid as State taxes ($62.94) refunded to him out of the State treasury, and, to that end, is entitled to have a certificate from the county board to the auditor of State for the refunding of the same.

SAME.—*Wrongful Distribution of Taxes Illegally Assessed and Collected. —Liability of County.*—In such case, when the county, notwithstanding the legal proceedings to recover the taxes so paid, distributed the same to the State and town authorities, it did so at its

own risk and peril, and the taxpayer can not be required to pursue such funds into the hands of the parties to whom they were wrongfully distributed.

SAME.—*Defense.*—*Voluntarily Paid.*—The fact that the taxes were voluntarily paid constitutes no defense under the statute cited.

SAME.—*Trust.*—*Liability of County.*—As long as such taxes remained in the county treasury, it was held in trust by the county either for the taxpayer or for the proper funds to which it respectively belonged; and, when the board of commissioners received notice of the claim, the county became a trustee for the claimant, and in the event it was awarded to him, the county was bound to refund the same to him.

From the Lake Circuit Court.

*J. Kopelke*, for appellant.

*J. B. Peterson*, for appellee.

REINHARD, J.—This case is here for the second time. *Du Bois* v. *Board*, etc., 4 Ind. App. 138. The cause having been remanded for a new trial, when it again reached the circuit court, a second trial was had before the court, and there was a special finding of facts, with the conclusions of law thereon, resulting in a judgment for appellant for $90.87, the sum claimed being $474.95.

The court found, in effect, that the total amount of taxes erroneously collected of the appellant was $437.95; that this sum was assessed and demanded in the aggregate, but was, in reality, made up as follows:

| | |
|---|---:|
| County taxes | $90 87 |
| State taxes | 62 94 |
| Taxes of the town of Crown Point | 284 14 |
| Total | $437 95 |

Which was voluntarily paid by the appellant to the treasurer of Lake county in satisfaction of said assessment. It was further found that appellant, on the first day of December, 1890, commenced this action to re-

cover the taxes so paid by him, by filing with and presenting to the board of commissioners of said county of Lake his claim for a refunding of the same; that on said day all of said sum of $437.95 so paid by appellant was yet in the treasury of said county, and no part had yet been distributed to or paid over to the State nor said town; that afterwards, in January, 1891, $62.94 of said money were distributed, under said levy and collection, and paid to the State, as its part of said taxes, and, in June, 1891, $284.14 was distributed, under said levy and collection, and paid to the town of Crown Point, as its part of said taxes; and no part of said sums so paid to the State and the town, respectively, has since been in the county treasury.

Upon the facts so found, the court holds, as its conclusions of law:

1. That said aggregate sum of $437.95 was and is composed of State taxes, county taxes, and taxes of the town of Crown Point, in the respective amounts stated in the finding.

2. That the plaintiff is entitled to have said sum of county taxes, to wit, $90.87, refunded to him by the defendant out of the county treasury, with six per cent. interest thereon from the first day of December, 1890.

3. That the plaintiff is entitled to have the certificate of said board of commissioners to the auditor of State, to the effect that said $62.94, so levied and collected as State taxes, has been wrongfully collected of him, and he has wrongfully paid the same for State taxes, and that the same should be refunded to him out of the State treasury.

Proper exceptions were reserved to the conclusions of law.

The case is a continuation of the original proceedings before the commissioners. From their order refusing to

allow the claim, an appeal was taken to the circuit court and thence to this court. When the claim was filed before, and acted upon by the board, the money, as the findings show, was still in the county treasury.

The filing of the claim and the subsequent proceedings were a sufficient notice to the board that the appellee was claiming the money erroneously collected from him. It was not necessary for him to have the appellant enjoined from paying out or distributing the money to different funds or corporations for whose benefit it had been erroneously collected. When the county, notwithstanding the legal proceedings instituted to recover such money, nevertheless distributed the same to the State and town authorities, it did so at its own risk and peril, and the appellant can not be required to pursue such funds into the hands of the parties to whom they were wrongfully distributed. It can make no difference, in our judgment, whether the county auditor had or had not the power to act for the municipal corporation for which he assumed to act when he placed the additional assessment on the tax duplicate. He was so far acting under color of authority as to bring his acts within the purview of the statute authorizing the refunding of taxes erroneously collected. R. S. 1894, section 7915 (R. S. 1881, section 5813). The fact that the taxes were voluntarily paid constitutes no defense under the statute cited. When the auditor added to the assessment, and the taxes, as thus increased by the addition, were carried out on the duplicate and paid, the increased taxes are recoverable from the county. *Board, etc.,* v. *Senn,* 117 Ind. 410; *Du Bois* v. *Board, etc., supra; Donch* v. *Board, etc.,* 4 Ind. App. 374. The assessment and collection of the taxes, as found by the court, had been made *in solido,* and not in parcels. When it was paid into the county treasury it became county taxes for all purposes until it had been distributed to the various

funds. As long as it remained in the county treasury it was held in trust by the county, either for the appellant or for the proper funds to which it respectively belonged. When the board of commissioners received notice of the appellant's claim, the county became a trustee for the appellant, and in the event it was afterward adjudged that his claim was a meritorious one, it became obligatory upon the county to refund the money to appellant, which had been erroneously paid by him. The town of Crown Point collected no taxes from the appellant. It was the county or its representatives who did this, and the county alone must respond as long as the funds are in its treasury. When this action was instituted, the money was all in the possession of the appellee, and it is impossible for us to conceive how the appellee could be held to profit by its own wrong in subsequently paying out or distributing the money or any part thereof to the State or town. The pendency of a suit is always sufficient notice of the matter involved in such suit, at least to the parties to the litigation, and those who claim under them. *Arnold* v. *Smith*, 80 Ind. 417. If this be true, there was certainly no necessity for suing out an injunction in order to hold the appellee accountable.

It is true that the statute provides that when a portion of the taxes wrongfully assessed and paid shall have been paid for State purposes the commissioners shall give the claimant a certificate to the auditor of State for the repayment of the same by the treasurer of State. But this provision is expressly limited to cases where the money had already been paid into the State treasury at the time the action was commenced. R. S. 1894, section 7916 (R. S. 1881, section 5814). The section cited has no application when the money is still in the county treasury at the time of the action to recover the same.

We think the court erred in its second conclusion of law,

in that it adjudged that appellant was entitled to recover of the county only $90.87. The appellant does not seem to insist upon the error in respect to the certificate to the auditor of State, and as this method of collecting that portion of his money will be equally effective to him, and will save the county from loss as to such amount, we do not feel disposed to disturb the third conclusion.

Judgment reversed with directions to the court below to restate its conclusions of law as follows:

1. That appellant is entitled to have the amount of $375.01 refunded to him by the appellee, and upon its order, out of the county treasury of Lake county, together with interest thereon at the rate of six per cent. per annum from the first day of December, 1890.

2. That the appellant is entitled to have said sum of State taxes, to wit: $62.94, refunded to him out of the State treasury, and to that end appellant is entitled to have a certificate from said board of commissioners to the auditor of State to the effect that said $62.94, so levied and collected as aforesaid, has been wrongfully collected of, and paid by, him as State taxes, and that the same should be paid to him out of the State treasury, and for further proceedings not inconsistent with this opinion.

Filed June 19, 1894.