TOWN OF FLETCHER *v.* FRED KEZER.

October Term, 1900.

Present: TAFT, C. J., TYLER, MUNSON, START, WATSON and STAFFORD, JJ.

Opinion filed February 12, 1901.

*Definition*—"*Wilfully*"—An act may be done wilfully, that is, intentionally and without authority, and yet not be done maliciously.

*Construction of statutes—Definition—"Maliciously" as used in V. S. 5007*—An act is not done "maliciously" within the meaning of that word as used in V. S. 5007 unless it proceeds from an evil design and a deliberate intention to do injury by marring, defacing, or destroying the property enumerated in the statute, or unless it consists in the wilful destruction or injury of such property from actual ill-will or resentment to the owner, possessor, or persons interested therein.

*Construction of statutes—Liability under V. S. 5008 for injury to a burial ground fence*—One is not liable under V. S. 5008 for injury to a fence in or about a burial ground, unless he injures it "maliciously" within the meaning of that word as used in V. S. 5007.

ACTION ON THE CASE, founded on V. S. 5008, brought to recover damages for injury to a burial ground fence. Plea, the general issue. Trial by court, Franklin County, March Term, 1900, *Thompson,* J., presiding. On facts found, judgment was rendered *pro forma* for the plaintiff. The defendant excepted.

*F. S. Tupper* for the plaintiff.
*W. H. Fairchild* for the defendant.

START, J. The action is upon V. S., s. 5008, and is for the recovery of damages caused by the removal of a stonewall which enclosed a burial ground. V. S., s. 5007, provides, among other things, that, if a person wilfully and maliciously injures any fence or other erections in or about a burial ground, he shall be imprisoned in the state prison not more than five years, or fined not more than two hundred dollars and

not less than ten dollars; and V. S., s. 5008, provides that such person shall be further liable to an action on the case upon this statute for damages. The words, "such person," in this section refer to the person who wilfully and maliciously does the acts mentioned in section 5007, and reference must be had to that section to determine for what acts the action may be maintained. It appears from the findings of fact, that the defendant owns land on the westerly side of the plaintiff's burial ground; that the defendant, in erecting a building on his land, tore down that part of the stone-wall opposite his building and used the same in erecting a wall under his building; and that the building, in effect, takes the place of that portion of the wall that was removed. The finding in respect to whether the defendant in doing what he did acted wilfully and maliciously is as follows: "He removed said wall for said purpose, wilfully, and without authority from the plaintiff or any one else so to do; but there was no evidence tending to show that he maliciously removed said wall as aforesaid, and we do not find that said act was done maliciously."

In the absence of a finding that the act was maliciously done, the action cannot be maintained. In order to maintain an action upon the statute, the injury must not only be wilful, that is, intentional and by design, as distinguished from that which is thoughtless or accidental, but it must, in addition, be malicious. *Commonwealth* v. *Williams,* 110 Mass. 402. It does not follow from the fact that an act is wilfully done that it is maliciously done. One may do an act wilfully and be free from malice, but he cannot do an act maliciously without doing it wilfully. *State* v. *Robins,* 66 Me. 324. If one does an act intentionally and without authority, it may be found that the act was wilfully done, but such a finding is not equivalent to a finding that the act is done maliciously, especially is this true

when, as in this case, the trial court says it does not find that the act was done maliciously.

In *Commonwealth* v. *Williams,* the court, in construing a statute relating to wilful and malicious injury to a building, said: "The wilful doing of an unlawful act without excuse, which is ordinarily sufficient to establish criminal malice, is not alone sufficient under these statutes. The act although intentional and unlawful, is nothing more than a civil injury, unless accompanied with that special malice which the words wilful and malicious imply." The word "maliciously" in the statute on which this action is founded, means more than the wilful doing of an act. An act to be maliciously done, within the meaning of the statute, must not only be wrong, but it must proceed from an evil design and a deliberate intention to do injury by marring, defacing or destroying the property enumerated in the statute, or consist in the wilful destruction or injury of such property, from actual ill-will or resentment to the owner, possessor or persons interested therein. In *Commonwealth* v. *Welden,* 3 Cush. 558, the respondent was indicted for wilfully and maliciously destroying the personal property of another, and it was held that the word "maliciously," as used in the statute relating to malicious mischief, was not sufficiently defined as the wilful doing of any act prohibited by law for which the defendant has no lawful excuse, but the jury must be satisfied that the injury was done out of a spirit of cruelty, hostility or revenge.

*Judgment reversed, and judgment for the defendant to recover his costs.*