NATIONAL METAL EDGE BOX COMPANY *v.* TOWN OF READSBORO.

May Term, 1920.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed October 5, 1920.

*Taxation—Situs of Accounts Receivable of Foreign Corporation —Situs of Debts Generally—Remedy for Recovery of Taxes Paid Under Protest—Estoppel from Claiming Illegal Assessment—Taxation of Nontaxable Property Illegal—Involuntary Payment of Taxes.*

1. Where a foreign corporation with its principal place of business and home office in another state attended to all business matters and kept and collected all accounts originating at its manufacturing plant and branch office in this State at its home office, its accounts receivable originating from the business in this State were not taxable here.

2. Generally, debts can have no locality separate from the parties to whom they are due.

3. In case of an illegal assessment of taxes, the tax payer is not confined to the statutory remedy of appeal from the decision of the listers to the board of civil authority and thereafter to the commissioner of taxes, but may recover the money paid under protest in an action at law.

4. Where nontaxable accounts were included in a taxpayer's inventory at the insistence of the listers who took the inventory, and subject to the taxpayer's objection that they were not taxable, he was not estopped from claiming that the assessment of the accounts was illegal.

5. A tax assessed against a person upon nontaxable property is illegal.

6. Where a taxpayer mailed a check in payment of an illegally assessed tax with a letter stating that it understood that payment was made under protest with a view of taking the necessary proceedings to recover the tax so paid, the payment was involuntary.

ACTION OF CONTRACT to recover money paid for taxes under protest. Plea, the general issue. Trial by jury at the Decem-

ber Term, 1919, Bennington County, *Chase,* J., presiding.   At the close of all the evidence the Court directed a verdict for the plaintiff.   Judgment on the verdict.   The defendant excepted. The opinion states the case.

*Collins M. Graves* and *Henry Chase* for the defendant.

The payment of the tax was voluntary and without compulsion.   *Meacham* v. *Newport,* 70 Vt. 264; *Babcock* v. *Granville,* 44 Vt. 326; *Taggart* v. *Rice,* 37 Vt. 47; *Sowles* v. *Soule,* 59 Vt. 134; *Louden* v. *East Saginaw,* 41 Mich. 23; *Albro* v. *Kettelle* (R. I.), 107 Atl. 198.; *Meek* v. *McClure,* 49 Cal. 623.

*A. F. Schwenk* for the plaintiff.

MILES, J.   This is an action on contract to recover money paid the defendant under an alleged protest, upon taxes claimed by the plaintiff to have been illegally and improperly assessed against it.   At the close of the evidence both parties moved for a directed verdict.   The motion of the plaintiff was granted, and upon the verdict thus directed judgment was rendered for the plaintiff.   To the direction of the verdict and judgment thereon the defendant was allowed an exception and also an exception to the court's refusal to grant its motion for a directed verdict.

The evidence tended to show that the plaintiff is a corporation, organized under the laws of Pennsylvania and located and having its principal place of business at Philadelphia, but is doing quite an extensive business in the defendant town, where it owns real and personal property of large value; that for the year 1917, the plaintiff filed with the listers of the defendant its inventory of taxable property in that town, and in that inventory, to question 25a., which is as follows: "On April 1, 1917, what was the aggregate amount of existing debts then due or thereafter to become due to the maker hereof from all solvent debtors within or without the State of Vermont?"—it answered: "$31,635."   The answer was correct, but the plaintiff insisted, before and at the time the inventory was delivered to the listers, that those debts were not taxable, because their *situs* was in Pennsylvania and not in Readsboro, and because they consisted of charges of book representing the purchase price

of tangible personal property on which no interest was charged. No question is made but that those debts consisted of charges of book representing the purchase price of tangible personal property; but the defendant claimed that there was no evidence in the case tending to show that no interest was charged upon them nor evidence tending to show they had their *situs* in Pennsylvania.

[1]   The principal question raised is whether there was evidence tending to show those two claims.   The evidence bearing upon the question of the *situs* of the accounts assessed tended to show that the accounts originating from the business in Readsboro were kept at the plaintiff's home office in Philadelphia, except some small matters in no way connected with the accounts in question, and all the branch office at Readsboro had to do with keeping those accounts was to send to the home office in Philadelphia a statement of the daily transactions and accounts originating during the day, which were usually sent on the following day after the transaction occurred and the account originated.   A copy of the statements were kept at the office in Readsboro, and the originals were entered upon the books of the plaintiff in Philadelphia.   The pay roll of the employees at Readsboro was sent to the plaintiff at Philadelphia, and checks were returned with which to pay the employees.   All the merchandise manufactured and sold from the branch business at Readsboro was paid for at the office of the plaintiff at Philadelphia.   All the plaintiff's business matters originating at Readsboro were attended to at the plaintiff's home office in Philadelphia.   The business conducted at Readsboro consisted in manufacturing paper box board and pulp, which were principally sent to Philadelphia, but some was shipped elsewhere on orders from the Philadelphia office, in which case a memorandum of the shipment was sent to the home office.   The office at Readsboro had nothing to do with the sale of the goods manufactured there, nor with fixing the price for which they were sold.   We think this evidence clearly tended to show that the *situs* of the accounts assessed by the listers of defendant was in Pennsylvania and not in Readsboro.

[2]   It is a general rule of law, with few, if any exceptions, that debts can have no locality separate from the parties to whom they are due.   Says Mr. Justice Field, respecting this rule, in *Cleveland, etc., R. R. Co.* v. *Pennsylvania,* 82 U. S. (15

Wall.) 300, 21 L. ed. 179; "This principle might be stated in many different ways, and supported by citations in numerous adjudications, but no number of authorities and no forms of expression could add anything to its obvious truth, which is recognized upon its simple statement." With the creditor debts are property and may be taxed. All the property there can be in debts belongs to the creditor. *Cleveland, etc., R. R. Co.* v. *Pennsylvania, supra; Bullock* v. *Guilford*, 59 Vt. 516, 9 Atl. 360; *State* v. *Clement National Bank*, 84 Vt. 167, 199, 78 Atl. 944, Ann. Cas. 1912 D, 22. The accounts assessed were not only due to and owned by the plaintiff, whose domicile was in Pennsylvania, but the accounts themselves were in fact permanently held and situated in Pennsylvania and not in Readsboro.

[3, 4] But the defendant contends, though that may be so, the plaintiff cannot recover in this suit; because its exclusive remedy was by appeal from the lister's decision to the board of civil authority, and if not satisfied with their decision, by appeal to the commissioner of taxes, and it cites in support of this contention sections 785, 834 and 842 of the General Laws. The proceedings provided for in those sections all relate to errors and mistakes of the listers in the assessment of taxable property, and not to property over which they have no jurisdiction or right to assess. In *Babcock* v. *Granville*, 44 Vt. 325, an action in assumpsit to recover money paid on taxes, under protest, one of the defences insisted upon was that the plaintiff's exclusive remedy was under section 66 of chapter 15 of the General Statutes, which provided, among other things, that the board of civil authority "may abate, in whole or in part, any tax which has been assessed on the list of any person, in which there is manifest error or in which there is a mistake of the listers or assessors who made up such list." This Court held in that case that it was not the exclusive remedy, and that the action was maintainable. While the remedy for errors and mistakes in assessments by the listers, under that statute, was by abatement, instead of by a hearing before the board and appeal to the commissioner of taxes, the principle involved is the same, and goes to the extent of supporting the plaintiff's contention that, for an illegal assessment, the taxpayer is not confined to the statutory remedy. The Court in *Babcock* v. *Granville* say that many actions of that kind have been brought in this State and have been maintained. It was early laid down in this State that where the

tax is illegal and therefore void the money paid under protest may be recovered in an action at law. *Henry* v. *Chester*, 15 Vt. 460, 470. But the defendant further contends that the tax was not illegal, because the plaintiff included the debts mentioned in the answer to question 25a. in its inventory. The case shows this was done at the insistence of the listers who took the inventory, and subject to the plaintiff's objection that the accounts were not taxable. In these circumstances the listers were not misled, and so were not justified in assessing property not taxable, on the ground that the plaintiff was estopped from claiming their illegality.

[5] The defendant further contends that the tax was not illegal in fact. But a tax assessed against a person upon non-taxable property is illegal, and it requires no citation of authorities in support of this holding.

[6] The defendant further contends that the evidence shows that the tax was paid voluntarily. We think it does not. A check in payment of the tax assessed upon the accounts in question was delivered to the treasurer of defendant by the plaintiff's superintendent, in a letter of the following tenor:

"October 18, 1917.

"Mr. C. H. Brown Treasurer,

"Readsboro, Vt.

"Dear Sir:

"We understand that unless the village and town of Readsboro tax for 1917 is paid according to the assessment, as per bill September 22, 1917, we will subject ourselves to a penalty of 8%.

"In order to avoid the penalty, we are inclosing herewith our check for $4,762.15, but are making this payment under protest with a view of taking the necessary proceedings to recover the excess tax, which we are obliged to pay on the erroneous and improper assessment. The erroneous assessment complained of is on the item No. 25a. of $31,635.44 on our tax inventory returned to listers in April, 1917, on which the tax charged is $996.50, less discount 4% $956.64, and for which bill is herewith inclosed." This letter was signed by the plaintiff. While it is a hopeless undertaking to attempt to reconcile the authorities from different jurisdictions and extract therefrom a rule that will apply to every case involving the question of protest, we think that in our own decisions we have a rule that is

followed by all our cases, upon the point here involved. The point upon which conflict arises in the different jurisdictions lies in the determination of what degree of compulsion is necessary to make the payment involuntary. We hold in line with our former decisions that the plaintiff had a right to expect, in the circumstances of the case, that unless it paid the tax within the time limited, in due course a warrant would issue, and the collection be enforced with costs and it be subjected to the penalty. This was all the compulsion necessary to make the payment involuntary and the protest available under our former holdings. *Stowe* v. *Stowe*, 70 Vt. 609, 41 Atl. 1042; *Allen* v. *Burlington*, 45 Vt. 202; *Babcock* v. *Granville, supra.*

The view we take respecting the *situs* of the accounts assessed renders it unnecessary to consider whether interest was charged on those accounts, as that question now becomes immaterial.

*We find no error in the judgment and proceedings below, and the same is affirmed.*