CHAMPLAIN REALTY COMPANY *v.* TOWN OF BRATTLEBORO.

February Term, 1923.

Present: WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed June 5, 1923.

*Taxation—Motion to Dismiss—General Exception—Statutory Appeals Inapplicable Where Listers Were Without Jurisdiction to Make Assessment—Question of Fact—Liability of Town for Illegal Tax in Its Possession.*

1. A motion to dismiss an action for the recovery of taxes paid under protest was properly overruled, where none of the grounds

assigned in the motion was apparent on the face of the record, or papers, on inspection.

2. An exception to the refusal of the court to find as per certain numbered requests, on the ground that all the requests were material and fully warranted by the evidence, being general and covering all the requests, two of which were properly refused, was unavailing.

3. To recover taxes assessed on pulpwood in interstate transit, the remedy provided in the ordinary case of tax proceedings by way of statutory appeals is inapplicable, such remedy relating to errors and mistakes of listers in the assessment of taxable property, not to assessments of property over which they had no jurisdiction, nor power to assess, and an action to recover such taxes paid under protest will lie.

4. Evidence *held* to make a question of fact, and support a finding that a tax was paid under protest and accepted by the town prior to the bringing of suit to recover such tax.

5. Where the whole sum of an illegal tax paid under protest, including the share of the State and county, was in possession of the town when suit was brought against it to recover the sum, the town was liable for the entire sum so held without right.

ACTION OF CONTRACT to recover taxes paid under protest. Trial by court at the April Term, 1920, Windham County, *Stanton*, J., presiding. Judgment for the plaintiff. The defendant excepted. The opinion states the case. *Affirmed.*

*Arthur P. Carpenter* and *Ernest W. Gibson* for the defendant.

*Harvey, Maurice, Whitney & Fitts* for the plaintiff.

WATSON, C. J. When this case was here before (95 Vt. 216, 113 Atl. 806) the tax in question was sustained and judgment rendered for defendant. Thereupon, by writ of *certiorari* to this Court, the case was taken to the Supreme Court of the United States, where it was held that at the time the tax was assessed (April 1, 1919), the pulp wood taxed was interstate commerce in transit, and consequently, under the commerce clause of the Federal Constitution, not subject to local taxation.

The judgment of this Court was therefore reversed and cause remanded for further proceedings not inconsistent with the opinion rendered by that Court. 260 U. S. 366, 67 L. ed. ——, 43 Sup. Ct. 146.

Defendant now urges our consideration of certain exceptions taken during the trial and to the judgment—questions originally presented in defendant's brief, but not then considered by us because not deemed necessary, the view then taken of the facts found being such as to uphold the legality of the tax in controversy.

[1]   At the close of plaintiff's evidence in its opening case, and renewed at the close of all the evidence, defendant moved that the action be dismissed for that (1) plaintiff had a statutory remedy by appeals from the action of the listers; (2) it did not appear that plaintiff had any authority or license to do business in this State; and (3) the evidence shows that this was paid by check dated November 25, 1919, which was taken by the tax collector and put into the general fund from which the authorities of the different municipal corporations for which he was treasurer called for money when needed, and this suit was brought on November 24th, the day before the check was dated. The motion was overruled and exception saved on each ground. None of the grounds assigned was apparent on the face of the record, or papers, on inspection, and consequently the motion was properly overruled. *Reynolds* v. *Conway,* 61 Vt. 313, 17 Atl. 842.

[2]   Defendant excepted to the failure and refusal of the court to find as requested in its first thirteen and fifteenth requests, on the ground that "all of said requests are material and are fully warranted by the evidence in the case." Of the first of these requests the part stating "the wood upon which the tax in question was assessed was the product of the State of Vermont. It was in the town of Brattleboro on the 1st day of April, 1919," was complied with, but the part, "On said 1st day of April, it was still held as a part of the general mass of the property of the State. It was taxed without discrimination, in the usual way and manner in which such property is taxed in the State of Vermont," was not complied with. The part of this request not complied with was unsound, and properly refused. The holdings of the Supreme Court of the United States are in part, that the interstate shipment began when the wood

was placed in the waters of the West River in the towns of Jamaica, Stratton, Londonderry, and Winhall, and that the required temporary halting at the mouth of that river, because of the frozen or high condition of the waters of the Connecticut River, did not break the real continuity of the interstate journey. The second request was in substance that the wood was not started on its final journey out of the State until it left the boom at Brattleboro. This, too, was contrary to the holding of the Federal Supreme Court. This request was properly refused for the same reason as was the first. There being no error in the refusal of these two requests, the exception, which is general and covers the whole number, is unavailing. *Bristol* v. *Bristol R. R. Co.,* 91 Vt. 223, 100 Atl. 37.

[3] The ground of defendant's exception to the judgment is that "it is against the law and facts in the case, as appears by the record and transcript in the case, to which reference is made." Hereunder two reasons are stated in defendant's brief why judgment should be for defendant: (*a*) That this action will not lie because the plaintiff has another and more appropriate remedy provided in the ordinary case of tax proceedings, by way of statutory appeals, with the right of *certiorari* to the Supreme Court on questions of law; and (*b*) that at the time this action was commenced the plaintiff had made no payment of the tax in question, to defendant, in money, and consequently the action, being prematurely brought, cannot be maintained. As to reason (*a*), a similar question was recently before this Court in *National Metal Edge Box Co.* v. *Town of Readsboro,* 94 Vt. 405, 111 Atl. 386. It was there held that the statutory remedies to which this defendant refers under (*a*) relate to errors and mistakes of listers in the assessment of taxable property; but not in the assessments of property over which they have no jurisdiction, nor power to assess. That the pulpwood taxed was of the latter class is conclusively established by the holding of the Federal Supreme Court. As to reason (*b*), both the facts found and the law are against the defendant's contention in this respect. The "facts in the case, as appears by the record and transcript in the case," means the facts found by the court. Two of those findings are that on November 24, 1919, the plaintiff paid the tax in question of $484.50 under protest and the town of Brattleboro received the money; and that at

the time suit was instituted (November 25), the plaintiff had paid said sum of $484.50 and the defendant had received it.

[4]   Defendant excepted to these two findings together with the finding that the payment of the tax was prior to November 25, on the general grounds that they are against the evidence and the weight of the evidence and that they "are all questions of law and not of fact." The collector of taxes testified that he received check for the town taxes on November 24, and that he deposited it to his credit at the bank; and that he accepted the check in payment of this tax under protest. With this evidence in the case, it cannot be said that the findings were unwarranted, nor that they were all questions of law and not of fact.

[5]   It is further contended that the town is not liable in this action for so much of the sum paid as was for the State tax, the State school tax, the State highway tax, and the county tax, aggregating $168.00. But the whole sum paid under protest, including the aggregate sum mentioned as for the State and county, was in the possession of the town,—no distribution had been made,—when this suit was brought, and it was holding the whole sum without right. The sum then so held, was the measure of the town's liability. *Meacham* v. *Newport*, 70 Vt. 264, 40 Atl. 729; *DuBois* v. *Lake County*, 10 Ind. App. 347, 37 N. E. 1056; 37 Cyc. 1177.

This disposes of all the questions briefed and presented by defendant in argument at the last hearing of the case.

*Judgment of the county court affirmed, and judgment rendered for the amount of that judgment, and interest upon the debt recovered, from September 20, 1920, to the time of this affirmance, with full additional costs of suit.*