LOUIS O. FITZPATRICK *v.* ROBERT W. TABER.

October Term, 1925.

Present:    WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed October 16, 1925.

*Scope of Motion to Dismiss Bill of Exceptions—Time of Completion of Bill of Exceptions Where Transcript Controlling —Scope of Motion to Dismiss Petition for New Trial.*

1.  Motion to dismiss amended bill of exceptions because not filed within time originally fixed by court, and because no later date was fixed by court within which it could be filed, *held* unavailing, there being nothing on face of such bill showing that no additional time for filing had been granted.

2.  Motion to dismiss bill of exceptions reaches only such defects as are apparent on face of bill to dismiss which motion is filed.

3.  Motion to dismiss bill of exceptions for non-compliance with Supreme Court rules 5 and 6 is unavailing, where such non-compliance does not appear on face of bill.

4.  When bill of exceptions refers to transcript and makes it controlling, filing of transcript is deemed completion of exceptions, for purposes of Supreme Court rules 5, § 1, and 6, § 1.

5.  Motion to dismiss petition for new trial reaches only those defects appearing on face of petition.

6.  Motion to dismiss petition for new trial on ground of newly discovered evidence, because evidence relied upon would be inadmissible as involving testimony of plaintiff's wife in violation of marital confidence, thus being within exception stated in G. L. 1894, *held* without merit, in absence of further in-

formation concerning matter than is obtainable from petition
itself, beyond which motion does not extend.

ACTION OF TORT for alienation of affections. Plea, general
denial. Trial by jury at the April Term, 1924, Windham
County, *Fish,* J., presiding. Judgment and verdict for the plain-
tiff. The defendant excepted. Original petition for new trial
filed in Supreme Court. Motion to dismiss exceptions and mo-
tions to dismiss petition for new trial. The opinion states the
case. *Motions denied.*

*A. V. D. Piper* and *F. E. Barber* for the defendant.

*Carpenter & Clawson* for the plaintiff.

PER CURIAM. This is an action of tort to recover damages
for the alienation of the affections of the plaintiff's wife,
Margaret Fleming Fitzpatrick. A trial was had by jury at the
April Term, 1924, of the Windham county court, resulting in a
verdict for the plaintiff. During the trial and also after the
verdict was rendered, exceptions were saved by the defendant
to certain rulings of the court, and his bill of exceptions, signed
by Superior Judge Moulton in the absence from the State of
Superior Judge Fish who presided at the trial (G. L. 2261), was
filed on August 8, 1924, subject to amendment within sixty days.
By the exceptions so filed the transcript of the evidence is
referred to and made to control.

The plaintiff, by his motion filed, asks that the exceptions
be dismissed and the judgment affirmed on two grounds: (1)
That the time for defendant to file his amended bill of exceptions
expired October 23, 1924, and no date after the expiration of
such time was fixed by the court for the filing of such amended
bill, as provided by G. L. 2258; (2) that rule 5, § 1, of the
amended rules of the Supreme Court, has not been complied
with, in that the defendant has not prepared and deposited with
the clerk of the court any printed copies of the case, the time for
so doing having long since expired; and (3) that rule 6 has
not been complied with, in that the defendant has not filed
any printed briefs with said clerk, though more than thirty days·
have elapsed since a completed bill of exceptions can be treated
as filed.

[1, 2]　It is enough to say of ground (1) that there is nothing on the face of the bill of exceptions showing that no date after October 23, 1924, was fixed by the court for the filing of the amended bill. The motion to dismiss reaches only such defects as are apparent on the face of the bill to dismiss which the motion is filed. *Reynolds* v. *Conway,* 61 Vt. 313, 17 Atl. 842; *Champlain Realty Co.* v. *Brattleboro,* 97 Vt. 28, 121 Atl. 580.

[3, 4]　As to grounds (2) and (3), the time of completing the bill of exceptions by filing the transcript, does not appear on the face of the bill sought, by the motion to have dismissed, and so non-compliance with the rules mentioned, is not there shown. By rule 6, § 1, when the bill of exceptions refers to the transcript and makes the same controlling, the filing of the transcript is deemed the completion of the exceptions, for the purposes of that and the preceding rule. Therefore as non-compliance with these rules in the respect asserted in the motion does not appear on the face of the bill of exceptions, the motion is unavailing for the same reason stated as to ground (1).

[5]　The defendant has filed in this Court an original petition for a new trial on the alleged ground of newly discovered evidence. Attached to the petition is the affidavit of the plaintiff's wife, Margaret Fleming Fitzpatrick, and the affidavit of Dr. B. E. White, showing the evidence on which the petition is based as newly discovered. It is asserted in the petition that the alleged newly discovered evidence tends to show collusion and conspiracy between the plaintiff and his said wife in the bringing and prosecution of said suit to obtain damages from the defendant, and that the latter will avail himself of such a defense if a new trial of said cause be granted. The plaintiff, by his motion, in effect admits the allegations of the petition, but sets forth five reasons why the petition should be dismissed. It is enough to say of the first, third, fourth, and fifth, of those reasons that no one of them appears on the face of the petition, and so, on the authorities already cited, none is reached by the motion.

[6]　The second reason set forth is, that ''The evidence relied upon would be inadmissible because it would be a violation of marital confidence and is thus within the exception stated in Section 1894 of the General Laws.''

By the provisions of that section it is the established general rule that husband and wife are competent witnesses for or

against each other in all cases, one of the exceptions stated being that neither shall be allowed "in any case to testify as to a matter which, in the opinion of the court, would lead to a violation of marital confidence." It has been held that the .court to which reference is there made is the trial court and its determination of the question is ordinarily not reviewable. *State* v. *Nieburg*, 86 Vt. 392, 85 Atl. 769; *State* v. *Muzzy*, 87 Vt. 267, 88 Atl. 895. With the law standing thus, we are not disposed, in the circumstances of this case, to dismiss the petition on that ground of the motion, with no further information concerning the matter than is obtainable from the petition itself, beyond the face of which the motion does not reach. To what extent, if at all, this Court will inquire concerning that question when presented upon evidence bearing on the petition, we do not now consider.

The exceptions and the petition for a new trial will stand for hearing together.

*The motion to dismiss the exceptions is denied, as is also the motion to dismiss the petition for a new trial.*