## City of Winooski

### v.

## Edward P. and Florence M. Matte

[218 A.2d 458]

December Term, 1965

Present: **Holden, C. J., Shangraw, Barney and Keyser, JJ.**

Opinion Filed February 1, 1966

*Harry L. Goetz* for the city.

*Joseph E. Frank* for defendants.

**Barney, J.** The City of Winooski is suing these defendants as authorized under 32 V.S.A. §5221 and 5225, to recover real estate taxes assessed. The facts are not disputed, but the plaintiff does contend that the taxpayers have forfeited the right to contest the validity of the assessment here by failing to file any objections as 32 V.S.A. §5291 requires. The trial court ruled against the plaintiff on this question, and went on to hear the defendants claims, eventually ruling in their favor.

The right of the defendants to raise their objections to the tax has been brought here, and must be dealt with, as an issue of law, before any review of the merits. The question turns on the interpretation of the relevant statutes, since it is conceded that the defendants have not raised anywhere any objection to the validity of the assessment of the taxes involved prior to this litigation. It should also be mentioned that defenses based on lack of notice and opportunity to be heard are separately and specially dealt with in 32 V.S.A. §5293, and are not raised in this proceeding.

32 V.S.A. §5291 reads:

In case the defendant disputes the validity of some part or all of a tax for the recovery of which suit is brought under the provisions of section 5222-5226 of this title, or for the recovery of which a suit in equity is brought by the town for the foreclosure of a tax lien, he shall not avail himself of such defense unless, by appropriate answer or notice in writing, he shall set forth therein a certified copy of his objections to the validity of the assessment of the tax as provided in sections 5292-5294 of this title, obtained from the town clerk of the town wherein the tax is assessed, which certified copy shall show upon its face that the original thereof was filed with the town clerk within the period of limitations prescribed in section 5292 of this title and unless also by appropriate answer or notice in writing, he shall set forth all other particular grounds whereon he claims such tax is invalid or unlawful. When such grounds are so set forth, the burden of proof shall be upon the plaintiff in so far as the validity of such tax is thus put in issue.

32 V.S.A. §5292 provides:

(a) A taxpayer shall not contest the validity of any tax assessed against his person, personal property or real estate nor the validity of the action of the listers or selectmen in assessing such tax nor the validity of any grand list unless the taxpayer filed his objections to the validity thereof, in the office of the town clerk

wherein the tax is assessed, within a period of two months from November 15 of each year in which the tax is assessed.

(b) If the taxpayer desires to object upon the ground that the notice he received, although given in the manner prescribed by law, is based upon invalid or defective proceedings in making up of the quadrennial appraisal, grand list or in the assessment thereof, he shall file at the place and within the time prescribed by subsection (a) his specific objection that the notice received was so based.

The defendants press us to read the quoted statutes as not limiting their right to raise defenses in a suit for property taxes to those asserted in objections filed with the appropriate town clerk. It is their claim that 32 V.S.A. §5291 expressly allows defenses to be raised for the first time in the suit, besides those certified as filed with the town clerk. From this they argue that with no objections filed with the town clerk, there was nothing they could be required to file in their answer by way of certification, and they were free to raise all defenses in this litigation.

This contention can be supported only if the statute does not contemplate that the filing of objections to the tax is a prerequisite to the preservation of the right to contest the tax in these proceedings. We agree that the taxpayer can raise in litigation defenses not listed in the objections filed with the town clerk. Indeed, he must do so, for the design of the statute is such that the taxpayer must assert all his defenses against being taxed in the one proceeding, if he is to raise them at all. Compare *Peterson* v. *Moulton* 120 Vt. 439, 144 A.2d 717, which applies where the defenses are being raised to a possessory action, rather than in a suit in contract for collection of a tax.

It is equally plain that these statutes require the timely filing of some objection to the validity of the tax with the town clerk, if the right to defend against a suit for collection is to be preserved. The language of 32 V.S.A. §5292 is prohibitory: by the words "shall not" it forecloses a challenge to the validity "unless" objections are timely filed. 32 V.S.A. §5291 imports this prohibition by reference and by parallel mandatory language, saying a taxpayer "shall not" avail himself of his defense "unless" he demonstrates, by certified copy, that he did, within the limitation period provided in said section 5292, file objection to the validity of the assessment.

The interpretation which the defendants urge would render 32 V.S.A. §5292 purposeless, and make the filing of objections with the town clerk a meaningless procedure in suits for collection of such taxes.

Statutes are not to be so construed, and legislative language is not to be discarded where it can lawfully be given effect. *State* v. *Mahoney,* 122 Vt. 456, 459, 176 A.2d 747; *Noble* v. *Fleming's Estate,* 121 Vt. 57, 59, 147 A.2d 889. We therefore hold that the legislature intended that the filing with the town clerk of an objection to the validity of the assessment of taxes assessed on a grand list be a prerequisite to the raising of any defense in any suit for the recovery of the tax under 32 V.S.A. §5221.

The plaintiff's motion for judgment made below was erroneously denied. Since the matter is disposed of on this issue, other matters raised by the appeal are not for consideration.

*Judgment reversed and cause remanded for entry of judgment in favor of the plaintiff in accordance with the specifications on file, assessment to be made by the clerk of Chittenden county court.*

## On Motion for Reargument

Present: **Holden, C. J., Shangraw, Barney, Smith and Keyser, JJ.**

Opinion Filed April 5, 1966

**Barney, J.** Appellees moved for reargument on their right to raise objections to the tax on suit for its collection. They contend that our holding to the contrary overrules prior doctrine expressed in *National Metal Edge Box Co.* v. *Readsboro,* 94 Vt. 405, 111 Atl. 386, *Champlain Realty Co.* v. *Brattleboro,* 97 Vt. 28, 121 Atl. 580, and *Boyce* v. *Sumner,* 97 Vt. 473, 124 Atl. 853.

These cases do not involve the raising of defenses by a taxpayer to a suit for collection of the tax by the municipality. Furthermore, although the law at that time, G. L. 918, required only that defenses to be raised in such suits be affirmatively pleaded when suit was brought, No. 25 of the Acts of 1939 changed the rules. These defenses may be raised in such an action only if objections have been properly and timely filed with the town or city clerk in accordance with 32 V.S.A. §§5292-5294.

*Motion for reargument denied. Let full entry go down.*